IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| **CANDY LOSSIAH as Administratrix of the Estate of ANTHONY EDWARD LOSSIAH,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | **CASE NO. 1:18-cv-134-MR-DSC** |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on the "United States Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (document #9) and the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) on November 6, 2018 and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion to Dismiss be <u>denied</u> as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is a wrongful death action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2761, <u>et seq.</u> ("FTCA"). Plaintiff is the widow and Administratrix of the estate of Anthony Lossiah, a police officer for the Eastern Band of Cherokee Indians (the "EBCI"). On August 11, 2015, Lossiah suffered a hip injury while chasing a suspect. He later suffered complications following treatment at the Cherokee Indian Hospital. The medical providers who treated Lossiah

were employees of the United States Department of Health and Human Services' ("DHHS") Public Health Service.[1] Lossiah died at an Asheville hospital on October 6, 2015.

In her individual capacity, Plaintiff filed a claim under North Carolina's Workers' Compensation Act, N.C. Gen. Stat. § 97-2, et seq. On December 8, 2016, Plaintiff entered into a Settlement Agreement with the EBCI on behalf of herself and her minor children. On May 12, 2017, the North Carolina Industrial Commission approved the Settlement Agreement.

On May 16, 2018, Plaintiff filed this wrongful death action on behalf of Lossiah's estate, alleging the same facts as the workers' compensation claim.

The United States moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Defendant contends that the worker's compensation claim was Plaintiff's exclusive remedy and, accordingly, this Court lacks subject-matter jurisdiction. Defendant also argues that Plaintiff has failed to state a claim upon which relief can be granted because the Settlement Agreement bars this action.

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold issue for the Court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S.

---

[1] On September 21, 2002, the EBCI, a federally recognized Indian tribe, and DHHS entered into an agreement for the administration of health care services known as a Title V Self-Governance Compact. See Complaint. ¶¶ 16-17, (document #1) Exhibit 4. In turn, the EBCI established the Cherokee Indian Hospital Authority to provide health care to its members. See EBCI Tribal Code, § 130B-1; Exhibit 6 ¶¶ 3-6.

381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists. See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004).

The FTCA provides for a "limited waiver" of the United States' sovereign immunity, making defendant liable to the same extent as a private party for certain torts of federal employees who act within the scope of their employment. Wood v. Standard Prods. Co., Inc., 671 F.2d 825, 829 (4th Cir. 1982). In an FTCA analysis, "the controlling question is whether the substantive law of (the applicable state) permits . . . recovery from the United States under the facts of this case." Certain Underwriters at Lloyd's v. United States, 511 F.2d 159, 161 (5th Cir. 1975). Accordingly, to maintain an action under the FTCA, Plaintiff must establish that the federal government is liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id. (emphasis added); see also Starns v. United States, 923 F.2d 34, 47 (4th Cir. 1991) ("The FTCA assures the federal government of that treatment accorded private parties"); Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991) ("A plaintiff has an FTCA cause of action . . . only if she would also have a cause of action under state law against a private person in like circumstances"). Under the FTCA, the United States is entitled to any applicable immunities or defenses that would be available to a

similarly placed private employer.  See Lomando v. United States, 667 F.3d 363, 374-75 (3d Cir. 2011).  The parties agree that North Carolina law applies here.

Defendant argues that the North Carolina Workers' Compensation Act provides Plaintiff's exclusive remedy because Lossiah and the medical personnel who treated him were all employed by the EBCI.  It is undisputed that the EBCI was Lossiah's employer.  As Defendant states in its Brief in Support, however, "[a]n individual acting within the scope of employment in carrying out health care services under the Title V Self-Governance Compact is deemed to be an employee of the Public Health Service for purposes of common law torts…."  See Document #10 at 4 (citing 25 U.S.C. § 5321(d) ("with respect to claims by any person ...resulting from the performance ... of medical ... functions ... with respect to claims by any such person ... a tribal organization... is deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees.")

The EBCI Compact with DHHS states:

The EBCI is deemed by statute to be part of the Public Health Service (PHS), and the employees of the EBCI are deemed by statute to be part of or employed by the PHS, for purposes of coverage under the Federal Tort Claims Act … <u>including coverage for claims of medical malpractice ...</u>

Document #10, Exhibit 4 (emphasis added).

Moreover, neither the EBCI nor the Cherokee Police Department can be equated with the deemed employer DHHS.  Indian tribes are dependent sovereign nations, and therefore "[f]ederally recognized Indian tribes are not an arm of the United States government..." Richmond v. Wampanoag Tribal Court Cases, 431 F. Supp. 2d 1159, 1176 (D. Utah 2006).

Applying those principles, Plaintiff's claim is not barred by the Workers Compensation Act.  For the purposes of this lawsuit, the medical personnel who treated Lossiah are employees of the Public Health Service.  Plaintiff may bring a North Carolina common law third-party claim

against their deemed employer, the United States. For those reasons the undersigned respectfully recommends that Defendant's Motion to Dismiss for lack of subject-matter jurisdiction be denied.

B. **Motion to Dismiss for Failure to State a Claim**

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior

5
Case 1:18-cv-00134-MR    Document 18    Filed 02/13/19    Page 5 of 7

era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's wrongful death suit is not barred by the Settlement Agreement. Candy Lossiah executed the Agreement in two capacities: "... individually, and as guardian for Zachariah Lossiah and Anthony Chanse Lossiah..." Anthony Lossiah's estate is not bound by the Settlement Agreement. See Greer v. Parsons, 331 N.C. 368, 416 S.E.2d 174 (1992) (release signed by husband and wife in settlement of automobile accident case did not bar subsequent wrongful death action brought by wife after she subsequently qualified as administratrix of estate of child who was stillborn following accident; wife had no authority to settle child's estate's claim prior to qualifying as administratrix and signing in that capacity); Graves v. Welborn, 260 N.C. 688, 690, 133 S.E.2d 761, 762 (1963) ("The right of action for wrongful death is purely statutory. It may be brought only by the executor, administrator or collector of the decedent. A widow, as such, has no right of action for the death of her husband"). See also Sparks v. Oxy-Health, LLC, 134 F. Supp. 3d 961 (E.D.N.C. 2015) (Under North Carolina law, a wrongful death action may be brought only by the personal representative or collector of the decedent, and not by a parent suing in his or her

6

individual capacity). "It is clear that under N.C. Gen. Stat. § 284-18-2, only the personal representative may maintain a wrongful death action and the action must be brought in the name of the estate." Livingston v. United States, 817 F. Supp. 601, 604 (E.D.N.C. 1993).

For those reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "United States Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (document #9) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Martin Reidinger.

**SO RECOMMENDED AND ORDERED.**   Signed: February 13, 2019

David S. Cayer
United States Magistrate Judge