# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00134-MR-DSC

| | |
|---|---|
| CANDY LOSSIAH, Administratrix of the Estate of ANTHONY EDWARD LOSSIAH, )<br><br>Plaintiff, )<br><br>vs. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Renewed Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment [Doc. 33].

## I.   BACKGROUND

On August 11, 2015, Anthony Lossiah ("Lossiah"), a police officer for the Eastern Band of Cherokee Indians (the "EBCI"), suffered a hip injury while chasing a suspect. He sought treatment for his injury at the Cherokee Indian Hospital. The medical providers who treated Lossiah are deemed to be employees of the United States Department of Health and Human

Services ("DHHS") Public Health Service.[1] Lossiah subsequently developed a severe infection and died in October 2015.

Lossiah's widow, the Plaintiff Cindy Lossiah ("the Plaintiff"), filed a claim under North Carolina's Workers' Compensation Act, N.C. Gen. Stat. § 97-2, et seq. On December 8, 2016, the Plaintiff entered into a Settlement Agreement with the EBCI on behalf of herself and her minor children. On May 12, 2017, the North Carolina Industrial Commission approved the Settlement Agreement.

On May 16, 2018, the Plaintiff, in her capacity as the Administratrix of Lossiah's estate, filed this wrongful death action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2761, et seq. ("FTCA") against the United States, asserting claims of negligence and professional malpractice in connection with the medical care provided to Lossiah at Cherokee Indian Hospital.

The United States moved to dismiss the Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). [Doc. 9]. Specifically, the Government argued that the Court lacked subject matter jurisdiction

---

[1] On September 21, 2002, the EBCI, a federally recognized Indian tribe, and DHHS entered into an agreement for the administration of health care services known as a Title V Self-Governance Compact. [Doc. 34-1: Title V Self-Governance Compact]. In turn, the EBCI established the Cherokee Indian Hospital Authority to provide health care to its members. [See Doc. 34-2: Blankenship Decl. at 2 ¶ 5].

2

because the worker's compensation claim was the Plaintiff's exclusive remedy. The Government further argued that the Plaintiff had failed to state a claim upon which relief can be granted because the Settlement Agreement barred the present action. [Id.].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable David S. Cayer, United States Magistrate Judge, was designated to consider the Defendant's motion and to submit a recommendation for its disposition. The Magistrate Judge entered a Memorandum and Recommendation recommending that the motion to dismiss be denied. [Doc. 18]. The Government objected to the Magistrate Judge's recommendation. [Doc. 20]. The Court accepted the Magistrate Judge's recommendation and denied the Government's motion to dismiss on April 10, 2019. [Doc. 22].

The Court then entered a Pretrial Order [Doc. 27], and the case proceeded to discovery. Discovery has now closed, and this matter is scheduled for a bench trial during the March 8, 2021 trial term. The Government now renews its motion to dismiss or for summary judgment on the same grounds as asserted in its original motion. As additional support for its motion, the Government submits *inter alia* a Declaration from Cory Blankenship, EBCI's Secretary of the Treasury, which provides additional

3

details about EBCI's workers' compensation program and the relationship between EBCI and the Cherokee Indian Hospital. [See Doc. 34]. The Plaintiff has filed a response in opposition to the Government's motion [Doc. 36], and the Government has replied [Doc. 37]. Having been fully briefed, this matter is ripe for disposition.

## II. DISCUSSION

### A. Whether the Workers' Compensation Claim is Exclusive Remedy

In denying the Government's motion to dismiss, the Court concluded that the exclusivity provision of the North Carolina Workers' Compensation Act, N.C. Gen. Stat. § 97-9, does not preclude the instant action. In so concluding, the Court reasoned that:

> [T]he Cherokee Indian Hospital does not conduct the EBCI's business, as that phrase is intended by § 97-9. The CIH is not involved in the day-to-day operations of the EBCI or charged with managing the EBCI in any respect, much less with regard to the ECBI police department or the conditions or circumstances of Lossiah's employment. The Hospital exists as a separate entity that is operated and controlled by its own Board of the Cherokee Indian Hospital Authority (CIHA). The CIHA is an umbrella body that operates the CIH, as well as other clinics and health programs run for the EBCI.

[Doc. 22 at 7 (footnote omitted)].

4

The Court then turned to the relevant provisions of the Eastern Band of Cherokee Indians Code of Ordinances ("Tribal Code"), which sets forth the powers and duties of the Governing Board of the CIHA. After reviewing those provisions, the Court concluded that "the Tribal Code establishes the CIHA as a 'component unit' distinctly separate from any operation by or of the EBCI. As such, the CIH may come within the purview of § 97-9 with regard to an injury to a nurse arising from a mishap in the operating room (regardless of negligence), but not with regard to the medical negligence that contributed to an injury of a person who <u>happens</u> to be an employee of the EBCI." [<u>Id.</u> at 9].

In renewing its motion to dismiss for lack of subject matter jurisdiction, the Government submits additional materials, which the Government contends demonstrates an element of control by EBCI with respect to the Cherokee Indian Hospital. [Docs. 34-1 through 34-7]. Of these materials, the Self-Governance Compact and Funding Agreement [Doc. 34-1] and the Agreement for Final Compromise Settlement and Release [Doc. 34-7] were before the Court at the time of the prior Order denying the Government's motion to dismiss. None of these additional documents addresses the element of EBCI control (or lack thereof) of the Cherokee Indian Hospital Authority. Rather, these documents generally address the availability of

5

workers' compensation benefits to EBCI employees of all its component units, including the Cherokee Indian Hospital, and the funding for such benefits.

For example, most of the Declaration of Cory M. Blankenship, the Secretary of the Treasury for the EBCI, addresses the administration of the EBCI's Workers' Compensation program. Mr. Blankenship's Declaration, however, does not address the independence of the Cherokee Indian Hospital Authority as established by the Tribal Code. As the Court previously explained, the fact that the EBCI allows for the provision of workers' compensation to employees of the Cherokee Indian Hospital does not preclude a medical action for negligence "that contributed to an injury of a person who happens to be an employee of the EBCI." [Doc 22 at 7].

The Government further argues, albeit in a footnote, that Mr. Lossiah's situation is analogous to a federal employee who seeks relief for a job-related injury under the Federal Employees' Compensation Act, 5 U.S.C. § 8101, et seq. ("FECA"). [Doc. 34 at 18 n.4]. This argument, however, is misplaced. FECA specifically precludes any Federal Tort Claim Act actions by rendering the liability of the United States under FECA "exclusive and instead of all other liability of the United States . . . under a federal tort liability statute." 5 U.S.C. § 8116(c). By contrast, the exclusivity provision of N.C. Gen. Stat. §

6

Case 1:18-cv-00134-MR-DSC   Document 39   Filed 01/25/21   Page 6 of 10

97-9 extends only to the "employer or those conducting its business." As Cherokee Indian Hospital is "not conducting [the] business" of the EBCI, the exclusivity provision of § 97-9 is simply inapplicable here.

In short, the Court concludes that the additional materials and legal arguments presented by the Government do not change the Court's prior analysis. The Government's argument that this Court lacks subject matter jurisdiction because the exclusivity provision of N.C. Gen. Stat. § 97-9 applies to the Government, insofar as it stands in the shoes of the CIHA under the FTCA, is without merit.

**B.     Whether the Settlement Agreement Bars the Present Action**

The Government also renews its argument that the Settlement Agreement resolving the workers' compensation claim bars the present action.

On this point, the Court previously concluded that Settlement Agreement did not bar the present action because the personal representative of the Estate of Anthony Edward Lossiah was not a party to that Agreement and thus did not release any FTCA claim. [Doc. 22 at 10]. Further, the Court noted that the Settlement Agreement was clear as to the subject matter released and did not include the FTCA claim asserted herein by the Plaintiff Administratrix:

7

> [The Settlement Agreement] releases claims against any parties "charged or chargeable with responsibility or liability … which … [Plaintiffs] ever had or may have, <u>by reason of or growing out of the terms and provisions of the North Carolina Workers' Compensation Act</u>." [Doc. 10-1 at 15]. This claim asserts no liability growing out of the terms and provisions of the Workers' Compensation Act. Quite the contrary, Plaintiff herein asserts a medical malpractice claim entirely outside of any liability that arose pursuant to the Act. As such, this claim is outside the scope of the claims released in the Settlement Agreement.

[Id. at 11].

In support of its motion for summary judgment on this issue, the Governments cites the Declaration of Cory Blankenship, in which he states that the "EBCI made the decision to settle Mr. Lossiah's workers' compensation case" because the "EBCI intended to reach a global settlement with Mr. Lossiah's beneficiaries and his estate regarding the events that gave rise to [the] workers' compensation claim, including the medical care that Mr. Lossiah received at Cherokee Indian Hospital in the fall of 2015, and his death on October 6, 2015." [Doc. 34-2: Blankenship Decl. at 5-6 ¶¶ 20, 21].

The language of the Settlement Agreement, however, is clear and unambiguous. It specifically provided that "no rights other than those arising under the provisions of the Workers' Compensation Act are compromised or

8

released under this Agreement." [Doc. 34-7 at 12]. The Government cannot now offer parol evidence to contradict the unambiguous language of this Agreement. See WFC Lynnwood I LLC v. Lee of Raleigh, Inc., 259 N.C. App. 925, 930, 817 S.E.2d 437, 441 (2018). If the EBCI intended for the settlement to encompass any negligence claim arising out of Mr. Lossiah's medical care, it failed to express such intention in the Settlement Agreement.

Even if the Court were to find that the Settlement Agreement was ambiguous so as to allow extrinsic evidence to be admitted regarding the parties' intentions, the Plaintiff presents conflicting declarations regarding the stated intent of the signatories. [See Docs. 36-1, 36-2, 36-3]. As such, a factual dispute would be before the Court, precluding the grant of summary judgment in favor of the Government on this issue.[2]

For all these reasons, the Court concludes that the Settlement Agreement does not bar the present action. The Government's motion for summary judgment on this issue is therefore denied.

---

[2] In any event, the Court notes that it is questionable how Blankenship could make any statement regarding the parties' intent when he was not the treasurer of the EBCI at the time that the Settlement Agreement was executed. [See Doc. 34-2: Blankenship Decl. at 1 ¶ 1 (stating that he has been treasurer in June 2017)].

**IT IS, THEREFORE, ORDERED** that the Defendant's Renewed Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Summary Judgment [Doc. 33] is **DENIED**.

**IT IS SO ORDERED**.

Signed: January 25, 2021

Martin Reidinger
Chief United States District Judge