# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00134-MR-DSC

| | |
|---|---|
| CANDY LOSSIAH, Administratrix of the Estate of ANTHONY EDWARD LOSSIAH,<br><br>          Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **O R D E R**<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Modification of Deadlines in Court's Pretrial Order and Continuance of Trial Date [Doc. 40]. The Government opposes the Plaintiff's Motion in part. ]Doc. 41].

**I.    PROCEDURAL BACKGROUND**

The Plaintiff filed this medical malpractice action under the Federal Tort Claims Act on May 16, 2018. [Doc. 18]. In May 2019, the Court entered a Pretrial Order and Case Management Plan, directing discovery to be completed by May 15, 2020 and mediation to be completed by June 1, 2020. [Doc. 27]. The Court subsequently granted the parties' request to extend the discovery deadline until September 1, 2020 [Text-Only Order entered May

18, 2020] and the mediation deadline until February 11, 2021 [Text-Only Order entered Dec. 18, 2020]. This matter is scheduled for trial during the Court's March 8, 2021 mixed term. [Id.].

On January 29, 2021, the Plaintiff filed the present motion, seeking to re-open the discovery period and to continue the trial date. [Doc. 40]. For grounds, counsel states that, due to health issues involving the Plaintiff's counsel and his spouse,[1] the Plaintiff was unable to complete discovery as intended. Counsel further states that, until such discovery has been completed, the Plaintiff is unable to engage in meaningful mediation by the current deadline of February 11, 2021. [Doc. 40].

The Government does not oppose the Plaintiff's requests to extend the mediation deadline and to continue the trial date until sometime over the summer. While sympathetic to the Plaintiff's counsel health issues, the Government opposes the request to re-open discovery, arguing that the Plaintiff did not engage in any meaningful discovery before any health issues arose, and that re-opening discovery at this late date would be highly prejudicial to the Government. [Doc. 41].

---

[1] The Plaintiff's counsel shared the details of these health issues in a letter to the Court, which was copied to the Government's counsel.

## II. DISCUSSION

Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether there is "good cause" within the meaning of Rule 16(b), the Court should consider the timeliness of the party's request, the reasons for its tardiness, and the danger of unfair prejudice to the non-moving party. See Nguyen v. Jones, No. 1:19-cv-00337-MR, 2020 WL 7264465, at *2 (W.D.N.C. Dec. 10, 2020). "The primary consideration is the diligence of the moving party." Id.

Here, the Court finds that the Plaintiff has established good cause for his request, as his counsel's health issues have essentially precluded him from working on this case for the better part of six months. The Court further finds that the Government will not be unduly prejudiced by a brief reopening of the discovery period. In light of the brief nature of this extension, and the difficulty of scheduling medical witnesses and experts in such a short period of time, the Court encourages the parties to conduct any depositions remotely where feasible.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 40] is **GRANTED**, and the pretrial deadlines in this case are hereby **AMENDED** as follows:

3

(1) The discovery period is re-opened, and the parties shall have until **May 17, 2021** to complete discovery;

(2) The parties shall have until **May 31, 2021** to complete mediation; and

(3) The trial of this matter is **CONTINUED** to the September 13, 2021 mixed trial term.

**IT IS SO ORDERED.**

Signed: February 10, 2021

Martin Reidinger
Chief United States District Judge