IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:18-cv-00134-MR

| | |
|---|---|
| CANDY LOSSIAH, Administratrix of the Estate of Anthony Edward Lossiah, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>_____ ) | **ORDER APPROVING MINOR SETTLEMENT** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Approve Settlement [Doc. 51].

## BACKGROUND

This is a wrongful death action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2761, et seq. ("FTCA"). The Plaintiff is the widow and Administratrix of the estate of Anthony Lossiah, a police officer for the Eastern Band of Cherokee Indians (the "EBCI"). On August 11, 2015, Lossiah suffered a hip injury while chasing a suspect. He later suffered complications following treatment at the Cherokee Indian Hospital. The medical providers who treated Lossiah were employees of the United States

Department of Health and Human Services' ("DHHS") Public Health Service. Lossiah died at an Asheville hospital on October 6, 2015.

In her individual capacity, the Plaintiff filed a claim under North Carolina's Workers' Compensation Act, N.C. Gen. Stat. § 97-2, et seq. On December 8, 2016, the Plaintiff entered into a Settlement Agreement with the EBCI on behalf of herself and her minor children, Z.E.E.L. and A.C.L.[1] On May 12, 2017, the North Carolina Industrial Commission approved the Settlement Agreement.

On May 16, 2018, the Plaintiff filed this wrongful death action on behalf of Lossiah's estate, alleging the same facts as the workers' compensation claim. [Doc. 1]. The Government moved to dismiss the action on the grounds that the action was barred by exclusive remedy provision of the North Carolina Workers' Compensation Act as well as by the settlement agreement entered with respect to the workers' compensation claim. [Doc. 8]. The Court denied the Government's motion [Doc. 22], and the matter was ultimately set for a bench trial during the Court's September 13, 2021 trial term.

---

[1] The full names and dates of birth of the minor children are set forth in the Sealed Addendum to Order Approving Minor Settlement, which has been entered contemporaneously herewith.

On July 26, 2021, the parties attended a mediated settlement conference that resulted in a full and complete settlement of all issues in the case. [Doc. 47]. Because the parties' proposed settlement implicates the rights and property of minor children, the Plaintiff now moves for Court approval of the settlement. [Doc. 50].

On September 1, 2021, this matter came on for final hearing before the Court. Present for the proceeding were attorney Robert B. Long, Jr., as counsel for the Plaintiff; Assistant United States Attorney Jonathan D. Letzring, as counsel for the United States; and the Plaintiff Candy Lossiah. Prior to the hearing, the Court reviewed the following documents with respect to the Plaintiff's Motion to Approve Settlement: (1) the Letters Appointing Plaintiff as Administratrix [Doc. 51-1]; (2) the parties' Settlement and Release [Doc. 48: sealed]; and (3) the Affidavit of Counsel [Doc. 49: sealed].

## FINDINGS OF FACT

1. To assess the reasonableness of the Settlement and Release Agreement, at the hearing on September 3, 2021, the Court requested that counsel for the Plaintiff and the Defendants give a forecast of their trial evidence and provide a candid evaluation of the strengths and weaknesses of the Plaintiff's claims and any defenses thereto. The parties complied with

3

the Court's request and proffered the following details surrounding the factual and legal circumstances of this matter.

2. As explained by the Plaintiff's counsel, it was ultimately determined that Lossiah was suffering from a MRSA infection in his hip, but he did not present with the typical symptoms of an infection. It was the Plaintiff's position that the MRSA infection could have been detected if an MRI had been performed earlier in his treatment, and the Plaintiff had retained an expert who would have opined that the MRI should have been performed immediately once Lossiah began worsening but had no confirmed diagnosis. The Government, on the other hand, had retained three, well-qualified experts who were prepared to opine that because Lossiah did not display any signs of infection, obtaining the MRI earlier in the diagnostic process would not have made an appreciable difference in his treatment.

3. Given the strength of the Government's expert testimony, the Plaintiff acknowledged that a favorable outcome at trial was uncertain. Additionally, the Plaintiff's counsel acknowledged that the settlement amount offered by the Government at mediation was close to the value that he and the Plaintiff had hoped to recover at trial.

4. From the Government's perspective, counsel acknowledged that the Plaintiff was highly sympathetic and that an award at trial could be

4

substantial. Further, while the Government intended to appeal the denial of its motion to dismiss, counsel acknowledged that prevailing on appeal was far from certain. For all these reasons, the parties believe that the settlement reached is a fair resolution to the Plaintiff's claims.

5. At the hearing held on September 3, 2021, the Plaintiff as the natural parent and guardian of the minor children, acknowledged that she:

(a) had read the settlement documents filed in this matter, including the Settlement Agreement and Release, and that she understands and assents to the terms thereof.

(b) had an adequate opportunity to confer with counsel regarding her decision to settle this matter.

(c) understands that the settlement documents propose that certain consideration be paid for the benefit of the minor children.

(d) believes, in her capacity as parent of the minor children, that the proposed settlement is fair and reasonable for the minor children under the circumstances of this case, particularly as to the nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

(e) understands that, if the Court approves the Settlement Agreement and Release, the consideration due will be provided as described in the settlement documents filed herewith.

(f) understands that, if the Court approves the Settlement and Release Agreement, the provision of the consideration for the settlement by the Defendant will terminate any claims of the minor children against the Defendant. She further acknowledged that she understands that her decision to accept the Settlement and Release Agreement on behalf of the minor children (if such agreement is approved by the Court) will bind the minor children and said children will be enjoined from seeking any future redress against the Defendant, pursuant to the Settlement Agreement and Release, based upon the acts and omissions alleged in the Complaint.

6. Based on all the foregoing, the Court finds that the Settlement Agreement and Release is fair and reasonable under all of the circumstances of this case; that the consideration to be provided under the terms of that Agreement is fair and reasonable; and that the proposed disbursement of such consideration is fair and reasonable.

7. The Court finds that the attorney's fee requested by Plaintiff's counsel is fair and reasonable upon considering the factors outlined by <u>In re Abrams & Abrams, P.A.</u>, 605 F.3d 238, 244 (4th Cir. 2010), including the skill

6

Case 1:18-cv-00134-MR   Document 52   Filed 09/07/21   Page 6 of 9

of the work performed and the degree of success obtained for the minor children. The Court additionally finds that the costs of litigation requested by the Plaintiff's counsel are fair and reasonable, and were necessary to effectively prosecute this matter.

## **CONCLUSIONS OF LAW**

**WHEREFORE,** based upon the foregoing findings of fact, the Court concludes as a matter of law that:

1. Minors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are or become entitled. N.C. Gen. Stat. § 35A-1201(a)(6). Moreover, where minors are entitled to receive damages pursuant to the settlement of a wrongful death action, such settlement must be approved by the Court, even though the minors are not parties to the wrongful death action. See N.C. Gen. Stat. § 28A-13-3(23).

2. The Plaintiff, acting in her capacity as parent and guardian for the minor children, is competent in all respects and is able to understand the ramifications of the settlement agreement and release, as well as the effect such agreement would have upon the minor children, and is competent and able to execute her duties accordingly.

3. Having reviewed the details of the proposed disbursement of funds for the minor children, including payment dates and amounts, the Court finds that the extent, nature, and amount of recovery for the minor children are all fair and reasonable, and the disbursement of such funds as provided in the Settlement Agreement and Release is in the best interests of the minor children.

4. The disbursement of the settlement proceeds, as set forth in the Settlement Agreement and Release, benefits the minor children by the way in which the funds are to be disbursed. The parties have specifically informed the Court that all are in agreement as to the manner of distribution set forth therein and are capable of carrying into effect the same.

5. The Plaintiff has bound the minor children herein in the same manner as if such minors had consented to the settlements as adults.

6. The settlement and release agreement should be approved.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Approve Settlement [Doc. 51] is **GRANTED**, and the parties' settlement of this matter is hereby **APPROVED**.

**IT IS FURTHER ORDERED** that the parties shall file a stipulation of dismissal with respect to all the Plaintiff's claims against the Defendant within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: September 6, 2021

Martin Reidinger
Chief United States District Judge