IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:18-cv-00134-MR

| | |
|---|---|
| CANDY LOSSIAH, Administratrix of the Estate of Anthony Edward Lossiah, ) ) ) ) Plaintiff, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Seal Portion Exhibits. [Doc. 50].

The Plaintiff moves to file under seal Exhibits 2 and 3 to the Motion to Approve Settlement. [Doc. 50]. For grounds, the Plaintiff states that these exhibits reference specific details of the parties' settlement agreement that the parties wish to keep confidential until such time as the settlement is approved. [Id.].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access

extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 255-56 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed the motion on August 13, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time. While the Plaintiff seeks only a temporary sealing until such time as the settlement is approved

[see Doc. 50 at 1], a review of these exhibits reveals that these documents contain the names and birthdates of minor children. The Court finds that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to permanently sealing the documents, the Court concludes that requiring a redacted version of these documents be filed on the public record while allowing the permanent sealing of the unredacted version of these exhibits is narrowly tailored and will adequately protect the privacy of the minor children.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Seal Portion Exhibits [Doc. 50] is **GRANTED**, and Exhibits 2 and 3 to the Plaintiff's Motion to Approve Settlement [Docs. 48 and 49] shall remain under seal until further Order of this Court. Within seven (7) days of the entry of this Order, the Plaintiff shall file on the public docket a redacted version of Exhibits 2 and 3, which versions shall redact the names and dates of birth of the minor children at issue.

**IT IS SO ORDERED.**

Signed: September 6, 2021

Martin Reidinger
Chief United States District Judge